### T. R. TATE *v* SAMUEL P. SMITH.

A tender of Confederate money to be valid to stop interest should be accompanied with an offer to pay the scaled value of the note or claim sued upon; otherwise, interest will run from the demand of payment, or from the time the process in the action is served.

(*Jeter* v. *Littlejohn*, 3 Murph. 186; *Bank of Charlotte* v. *Davidson, ante* 118, cited and approved.)

CIVIL ACTION, to recover the amount of a note given in 1862, tried before *Logan, J.*, at the Fall Term, 1873, of MECKLEN-BURG Superior Court.

Upon the trial below, the case was submitted to the jury, upon an alleged tender. The jury found, that there was a tender of Confederate money by the defendant, Smith, to plaintiff's testator, when the note fell due. Thereupon the plaintiff moved for a judgment for the scaled value of the note, with interest from the commencement of the action. This, his Honor refused, and give judgment for the scaled value of the note without interest.

Rule for a new trial granted and discharged. Judgment and appeal by plaintiff.

*Wilson & Son*, for appellants.

*McCorkle & Bailey*, and *Vance & Dowd*, contra, submitted the following brief:

I. The issuing of the summons is not a *fresh* demand within the meaning of the term. It must be personal and

before suit.  1 Chitty Genl. Prac. 509, Bacon Ab. tit. tender vol. 9, p. 336 ; 2 Greenl. on Ev., sec. 608, Proll. 427, Hobart Rep. top. 369.

The law speaks in good pleading and the precedents of replications of *first demand* contain an allegation that the demand was made before action, 3 Went. Pld. 180, 3 Chitty, Pled. 1156.

II.  Payment into Court.  We submit that the case of *Jeter* v. *Littlejohn*, Mass. 186, is entitled to the weight of a direct authority.  In that case, on a single bill executed before the Revolution of 1776, a tender had been made by the obligor after the note fell due in 1778, in proclamation money pursuant to the tender acts.  Upon suit brought on the bill after the close of the war, judgment at law was pronounced awarding full interest.  Thereupon Jeter, the defendant at law, filed his bill to be relieved from payment of interest, *after the date of the tender*.  To this it was objected that he ought to have availed himself of the plea of tender at law.  An issue was submitted to a jury whether Jeter had made tender, and being found affirmatively, and it thereupon being referred to the Supreme Court to say what decree should be rendered, this Court employs the following language :

" A plea of tender can be supported at law only by the defendants bringing into Court the money he admits to be due ; and this is required that the plaintiff may have the immediate benefit of the sum so paid in.  But the reason altogether fails when money has so notoriously depreciated as to have become of no value," &c.

Every one knows that the proclamation and Continental money became as worthless as Confederate, and gave birth to a saying which has become rooted into our nomenclature, "not worth a continental."

RODMAN, J.  This case differs in no material respect from *Bank of Charlotte* v. *Davidson*, ante, 118.

Mr. Bailey, for defendant, referred us to *Jeter* v. *Littlejohn*, 13 Mur., 186. We think that case sustains the decision in the case of the Bank of Charlotte.

He also contended that by the English authorities, after interest had once ceased by a tender, it could not be made to run again by bringing an action, but only by a personal demand before action. There is no doubt that in ordinary cases, if the plaintiff replies to a plea of tender, that he afterwards demanded the exact sum due, and payment was refused, this demand not only sets the interest to.running from the demand, but defeats the plea of tender altogether, so that interest would run uninterruptedly from the maturity of the debt, or other time provided for in the instrument. Therefore we said, in the *Bank* v. *Davidson*, that the demand started the interest again, *at least* from the time of the demand. But we have considered it inequitable to apply to the peculiar class of contracts made during the war, and payable in Confederate money, the strict rules. applicable in ordinary cases to the plea of tender. If we had done so, the plea could in no case be maintained, because the money was not, and could not be, as money, paid into Court. Under like circumstances, and for like reasons, the bringing into Court was held unnecessary in *Jeter* v. *Littlejohn*, and the Court thought that the rights of the parties should be ascertained, on principles of equity. In that case the Court also thought that interest should revive, upon the demand. It does not clearly appear whether there was a personal demand before suit, though probably there was. But the bringing of the action was certainly a demand, and if the defendant had paid into Court with his plea, the sealed value of the Confederate money, it might have been a question whether he should be taxed with the costs, and if he had tendered it to the plaintiff immediately upon service of the process a like question would have arisen as to his liability to. interest after such tender. But there has been no such tender.

The ordinance of the Convention of 1866, and the subsequent acts of the Legislature, required the Courts to apply

equitable principles in the construction and enforcement of Confederate contracts, and though those acts do not directly bear upon the question as to the effect of a tender and subsequent demand, yet we have considered ourselves bound by the evident intent of those acts, in treating those questions on like equitable principles, looking rather at the substance of what was done, than at its precise time and form.

The judgment will be modified in conformity to this opinion. Neither party will recover costs in this Court.

PER CURIAM. Judgment modified.